**Dated: September 25, 2019**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:
**NORA MARIE MALONE**,                    Case No. 19-80149-TRC
                                          Chapter 13
          Debtor.

## ORDER REGARDING ELIGIBILITY

Before the court is Trustee's Motion to Dismiss (Docket Entry 43) and Debtor's

Objection (Docket Entry 50). The court held an evidentiary hearing on this matter on September

19, 2019. Both parties submitted exhibits to the court and stated that there were no facts in

dispute. After reviewing the evidence, arguments of counsel and applicable legal authorities, the

court finds that Debtor is not eligible to proceed under chapter 13.

This case was filed February 18, 2019. At that time, Debtor listed unsecured,

noncontingent liquidated debts totaling $ 386,209.27. She did not identify any of this as student

loan debt. Filed unsecured claims total $ 449,164.96, which includes a proof of claim filed by

Navient Solutions LLC on behalf of the U.S. Department of Education Loan Services in the amount of $ 433,108.93, for a Federal Direct PLUS Loan.

Debtor does not contest that the amount of filed unsecured claims exceeds the debt limits imposed by 11 U.S.C. § 109(e), but she argues that dismissal is not required. She suggests that dismissal should only be "for cause" under § 1307(c) considering the best interests of creditors and the estate. Debtor asks this court to find that her creditors would be better off by allowing her to remain in chapter 13 since she has made and will continue to make payments on her debt, including student loans. She relies upon *In re Fishel,* 583 B.R. 474 (Bankr. W.D. Wis. 2018) as authority for her to continue in chapter 13 despite her failure to meet the eligibility standards of § 109(e). *Fishel* relied heavily upon *In re Pratola,* 578 B.R. 414 (Bankr. N.D. Ill. 2017) which held that the bankruptcy court was not required to dismiss a chapter 13 case if inclusion of educational debt caused the debtor to exceed the unsecured debt limit in § 109(e), and that exceeding the debt limit solely because of educational debt was not "cause" for dismissal of a bankruptcy case. On appeal, *Pratola* was reversed after *Fishel* was decided. *Pratola,* 589 B.R. 779 (N.D. Ill. 2018).

Section 109(e) sets forth the eligibility requirements for being a debtor under chapter 13. At the time Debtor filed her case, the statute provided:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent liquidated secured debts of less than $1,184,200, … may be a debtor under chapter 13 of this title.

This section is clear and unequivocal: an individual whose debts exceed these monetary amounts may not be a debtor under chapter 13. "Where the language of a statute is clear, 'the sole

function of the courts is to enforce it according to its terms.'" *In re Cannon,* 2013 WL 6499304, at *10 (Bankr. D. Utah Dec. 11, 2013) (citation omitted) *aff'd,* 521 BR. 686 (D. Utah 2014).

The court is sympathetic to individuals with large amounts of student loan debt. However, other than the requirement that debts be noncontingent and liquidated, the court finds no exception in the Bankruptcy Code or Rules for such debt or any other type of debt to be excluded when determining eligibility under this section. Nor does the court find that the Bankruptcy Code gives it discretion to disregard these debt limitations or create an exception thereto and adopt a best interest of creditors analysis under § 1307(c). Eligibility is a threshold determination and failure to meet the monetary limits of § 109(e) certainly constitutes cause for dismissal. Although the court may have discretion to determine what is "cause" under § 1307(c), it does not have discretion to ignore the plain language of § 109(e)'s eligibility requirements. *See Pratola,* 589 B.R. at 793. *See also, In re Alonzo,* 594 B.R. 693, 696 (Bankr. D. Colo. 2018) ("Although ineligibility is not expressly identified as cause under 11 U.S.C. § 1307(c), simple logic indicates ineligibility is cause for dismissal.") Where inclusion of educational debt causes debtors to exceed unsecured debt limits in § 109(e), dismissal or conversion of a chapter 13 case is required. *Id.*

Debtor did not state whether she prefers conversion to chapter 7 or 11 to dismissal. She objected to the Trustee's motion to dismiss but also requested such other relief to which she may be entitled. Therefore, the court will allow her time convert to a chapter under which she is eligible if she so desires. Should she fail to seek conversion, this case will be dismissed.

IT IS THEREFORE ORDERED that Debtor shall convert her case on or before October 7, 2019. Failure to do so will result in dismissal of this case without further notice.

###